UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

In re:  }
        }
DAVID LOUIS MCDANIEL,  }  Case No. 11-41049-JJR7
        }
   Debtor.  }  Chapter 7
_____

**OPINION AND ORDER OVERRULING OBJECTION TO
DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION**

One of the Debtor's creditors, Vulcan Interior Products, Inc. ("VIP"), filed an "Amended Objection to the Debtor's Claim of Homestead Exemption." (Doc. 52). The Amended Objection relies solely upon § 522(g) of the Bankruptcy Code.[1] For the reasons that follow, the Court finds § 522(g) does not apply to the facts of this case, and under Alabama law the Debtor is entitled to his homestead exemption. Thus, the Amended Objection is due to be overruled.

Jurisdiction

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference, as amended, entered by the United States District Court for the Northern District of Alabama. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); therefore, the Court has authority to enter a final order. The following shall constitute the Court's findings of fact and conclusions of law.

---

[1] Unless otherwise indicated, references to the "Bankruptcy Code" or "Code" are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, and the symbol "§" is a reference to a section, subsection, paragraph, clause, or other subdivision of the Code.

1

Background

The facts are not in dispute. On May 17, 2009, a deed was recorded in the Probate Office of St. Clair County, Alabama, which purported to convey the Debtor's and his wife's interest in their marital homestead to their son and the Debtor's wife.[2] According to the Debtor's Statement of Financial Affairs, several judgments were entered against him in June 2009, and a judgment was entered against him in favor of VIP in August 2009. VIP recorded a certificate of judgment on September 14, 2009.[3] On February 2, 2011, VIP filed suit in the Circuit Court of St. Clair County seeking to set aside the conveyance of the Debtor's interest in his homestead, claiming it was a fraudulent transfer under the Alabama Fraudulent Transfer Act.[4]

On April 21, 2011, the Debtor filed the instant chapter 7 bankruptcy case. Subsequently, VIP, the trustee, and the Debtor agreed to lift the automatic stay to the extent necessary to allow VIP to prosecute its fraudulent transfer action in state court. On August 16, 2011, the Debtor moved to reopen his bankruptcy case, which had been closed twelve days earlier.[5] With VIP's consent, the Court granted the motion to reopen, but did not set aside the discharge. In the meantime, on August 22, 2011, while the motion to reopen was pending, the state court entered the parties' Consent Judgment which set aside the conveyance, and declared that title to the homestead was once again held by the Debtor and his wife as joint tenants "as if the deed had never been executed, delivered, and recorded."[6] The Consent Judgment also provided that the

---

[2] Motion to Reopen, Exhibit Consent Judgment (Doc. 40-1).

[3] Motion for Relief from Stay, Ex. A (Doc. 19-1).

[4] Ala. Code 8-9A-1 (1975).

[5] The Debtor's motion also sought to set aside his discharge and was redocketed to correct docketing errors on September 7, 2011.

[6] Motion to Reopen, Exhibit Consent Judgment (Doc. 40-1).

2

bankruptcy court had jurisdiction over Debtor's interest in the property and that such interest should be administered in the Debtor's bankruptcy case.

Finally, on August 9, 2011, the Debtor amended Schedule A and Schedule C to list his interest in the homestead property, and claimed a $5,000 exemption therein. VIP objected to the exemption, and it is VIP's objection that forms the basis for the controversy now before the Court.

### **Conclusions of Law**

VIP asserts that § 522(g) bars the Debtor from exempting any interest in the homestead property. VIP claims the pre-petition conveyance by the Debtor was voluntary, and was concealed because he failed to list the property on his original Schedule A, and he also failed to disclose both the transfer and the state court fraudulent transfer action in his Statement of Financial Affairs, thus satisfying the requirements of § 522(g).

In assessing VIP's objection, the Court will first turn to the language of § 522(g), which provides:

> Notwithstanding sections 550 and 552 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if –
> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
> (B) the debtor did not conceal such property; or
> (2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section.

As a threshold matter, and by its terms, § 522(g) pertains to the debtor's right to exempt property "that the trustee recovers" using certain of avoidance powers provided under the Code. The Court of Appeals for the First Circuit ruled, with regard to facts very similar to those in the instant case, that § 522(g), by its terms, applies only to property recovered by a trustee, and not

3

to property returned to the bankruptcy estate as a result of efforts by a creditor. *Stornawaye Fin. Corp. v. Hill (In re Hill)*, 562 F.3d 29 (1st Cir. 2009). In *Hill*, the creditor sued in state court seeking, among other things, to attach property that it claimed the debtor had fraudulently transferred. The suit prompted the debtor's wife, who was the transferee, to reconvey the property back to herself and the debtor as tenants by the entirety, which was how they originally held title. *Id.* at 31. Thereafter, the debtor filed chapter 7 and claimed a homestead exemption in the reconveyed property. The creditor objected to the exemption under § 522(g) of the Code.

The First Circuit held the debtor was entitled to the exemption, and rejected the creditor's two-pronged argument: (1) that § 522(g) forbid the use of the homestead exemption under those facts, and (2) that allowing the exemption under those facts would be contrary to the statute's core purpose. The circuit court found that the plain language of the statute applies only to property the "trustee" recovers: "While a trustee may be thought to have used these powers to recover property when he merely threatens to employ them, a creditor who files a pre-petition suit under state law to annul a fraudulent conveyance cannot conceivably be thought to have availed himself of any of these powers. After all, the bankruptcy estate was not even in existence when the creditor sued." *Id*. at 33-34. That reasoning applies with equal force to the facts before this Court. VIP is not the "trustee" and was not acting in such capacity when the prepetition fraudulent transfer suit was filed, and therefore has no standing to disallow the homestead exemption under § 522(g).

With regard to the second argument, that § 522(g) was intended as a punitive measure and should be employed to prevent the absurd result of allowing an exemption despite the debtor's "chicanery," the First Circuit examined the language, structure, and evident purpose of Section 522 as a whole, having found no illuminating legislative history. The court found that

the permissive phrasing of "the debtor may exempt" is inconsistent with the idea that the statute was designed to punish dishonest debtors—the statute's language is permissive in nature rather than punitive. *Id*. at 34. The circuit court also found that the allowance within § 522(b) for debtors to choose the more generous of the state or federal exemption scheme, where applicable, "belies the notion that [Congress] meant the statute to be generally punitive." *Id.* To the contrary, the purpose of § 522(g) appears to be aimed at preventing a situation in which the trustee expends estate resources to recover fraudulently transferred property only to have the debtor claim the property as exempt. *Id.* That was not what occurred in *Hill* or the instant case.

One distinction between the facts in *Hill* and instant case is that the Consent Judgment "undoing" the conveyance by the Debtor and his wife was entered postpetition, and the original schedules were amended to reflect the Debtor's title in the homestead property and claim for exemption. Under the guidance of *In re Doan*, 672 F.2d 831 (11th Cir. 1982), this Court finds that, considering the circumstances and timing of the motion for relief from stay, and its consensual resolution, the state court Consent Judgment, and the amendments to Schedules A and C, there was little evidence to support any intentional or fraudulent concealment by the Debtor that would justify barring the exemption. To the contrary, the Debtor consented to stay relief to allow the state court action to proceed, and moved to reopen his case so he could file the amendments before the Consent Judgment re-vesting the property was entered. The Debtor also amended his schedules the day after this Court granted his motion to reopen the case. While it is true that the original Statement of Financial Affairs did not disclose the transfer or the state court suit to set aside the transfer, the transfer occurred more than two years before the Debtor's chapter 7 case was commenced, and, therefore, was not required to be listed. The trustee was aware of the fraudulent transfer issue, and consented to stay relief to allow the Consent Judgment

to be entered. Accordingly, in light of the totality of the circumstances, the Court does not find an intentional or fraudulent concealment of the transferred property

Having found that § 522(g) was not applicable to bar the exemption, and having found that amended Schedule C claiming a homestead exemption was not improper under the guidance of *Doan*, the Court will next address an issue not raised by the parties: whether the exemption may be properly claimed under state law. The Supreme Court of Alabama has long-established precedent directly on point:

> The authorities are well-nigh uniform in support of the proposition, that where there is a fraudulent conveyance of property constituting or including the homestead, which is subsequently annulled at the suit of a creditor, the grantor is not stopped as against the creditor to assert his right of homestead in the premises. And the reason for this doctrine is found in the creditor's want of interest in that which is not liable for debt. . . .Two general reasons for this rule may be deduced from the cases: First. That the homestead privilege is created for the benefit of the wife and children, as well as for that of the husband and father; and, therefore, it is not right that the former should be prejudiced by the wrongful act of the latter. Second. That, the conveyance being void as to creditors, it stands as to them as though it had never been made. . . . In other words, a fraudulent conveyance does not enlarge the rights of creditors, but leaves them to enforce the rights they would have had if no such conveyance had been made.

*Kennedy v. First Nat'l Bank of Tuscaloosa*, 107 Ala. 170, 18 So. 396, 396-97 (Ala. 1895). Thus, well seasoned state law supports the allowance of the exemption, as does the wording of the Consent Judgment itself. By its terms, the Consent Judgment vested the homestead property in the Debtor and his wife as joint tenants with right of survivorship "as if the deed had never been executed, delivered, and recorded." The parties were returned to their same positions vis-à-vis the homestead property, as if their earlier conveyance had not been made, including but not limited to the Debtor's right to claim an exemption in the property under Alabama law.

## **Order**

Based upon the foregoing, it is hereby ORDERED that the Amended Objection to Debtor's Claim of Homestead Exemption (Doc. 52) is OVERRULED.

Dated: January 20, 2012

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge